UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN ALONZA MCCLAIN,

    Plaintiff,

v.                                                     CASE NO. 3:22-cv-1024-MMH-JBT

NAVY FEDERAL CREDIT UNION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 2) and Plaintiff's [Amended] Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Amended Motion") (Doc. 5). For the reasons stated herein, the undersigned recommends that the Motions be **DENIED** and that the case be **DISMISSED without prejudice**.

    **I.**    **Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case

pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action, if at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to

2

allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1]  As such, *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may even be dismissed. *Id.* at 276.

**II.   Analysis**

Although Plaintiff was previously advised of the requirements for stating a claim and was allowed to amend his Complaint (Doc. 3), Plaintiff's entire statement of claim alleges:  "Navy Federal Credit Union failed to comply with a requirement of law pursuant to 12 CFR 1026 and is now liable to me under 15 USC 1640." (Doc. 4 at 4.) In short, Plaintiff's statement is entirely conclusory and contains no plausible facts to support it.  Therefore, the undersigned recommends dismissal without prejudice.

In addition, Plaintiff does not appear to meet the indigency requirement for *pauper* status.  *See Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (in order to qualify for *pauper* status, Plaintiff must be "unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").  Plaintiff indicates he works for United Parcel Service and earns $4,400.00 per month.  (Doc. 5 at 1–2.)  Plaintiff also indicates he has two dependents and that his monthly expenses are $4,255.00.  (*Id.* at 3–5.)  Thus, Plaintiff's income

---

[1] The Court does not rely on unpublished opinions as binding precedent.  However, they may be cited when the Court finds them persuasive on a particular point.  *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

exceeds his expenses.  Further, Plaintiff's income is more than double the Federal Poverty Guidelines for a household of three.[2]  For this additional reason, the undersigned recommends that the Motions be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) and Amended Motion (**Doc. 5**) be **DENIED**.
2. The case be **DISMISSED without prejudice**.
3. The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

---

[2] The current Federal Poverty Guideline for a family/household of three is $23,030.00 per annum.  See Dep't of Health and Human Services Poverty Guidelines, 87 Fed. Reg. No. 14 at 3316 (Jan. 21, 2022).

**DONE AND ENTERED** in Jacksonville, Florida, on December 5, 2022.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff